THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHARLENE HACK,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL M. PRESTON a/k/a DANIEL PRESTON MARTIN, JEFFREY PAUL HACK, JAYNE D. HACK, and DOES 1-10, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER RE: GHOSTWRITING AND [39] JAYNE D. STEPHENS [HACK] DECLARATION IDENTIFYING ASSISTANCE USED IN PREPARING PAPERS FILED TO DATE**<br><br>Case No. 4:25-cv-00096-DN<br><br>District Judge David Nuffer |

Defendant Jayne D. Hack (also known as Jayne D. Stephens and hereinafter referred to as "Ms. Stephens") filed a Declaration Identifying Assistance Used in Preparing Papers Filed to Date.[1] The Declaration was filed in response to an order requiring Ms. Stephens to file a declaration "identifying each person or AI tool used in preparing her papers filed to date."[2] "Because Ms. Stephens' papers appear[ed] drafted with assistance," the order also required Ms. Stephens to file "[a] declaration with this same information" for "any further filings by her unless counsel files on her behalf."[3]

---

[1] Defendant Jayne D. Stephens' Declaration Identifying Assistance Used in Preparing Papers Filed to Date ("Declaration"), docket no. 39, filed August 3, 2026.

[2] Memorandum Decision and Order Denying Defendant Jayne D. Stephens [Hack] Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 7(m) ("Order"), docket no. 37, filed July 27, 2026.

[3] *Id.*

Ms. Stephens filed the Declaration on August 3, 2026, and declared, under penalty of perjury, that she had used a generative artificial intelligence ("GenAI") tool known as ChatGPT.[4] She confirms that she utilized ChatGPT "for assistance with research, organization, drafting, editing, and formatting."[5] Her candor is appreciated, but necessitates a caution.

## LEGAL STANDARD

The Tenth Circuit has held that while "[t]here is nothing inherently problematic with the use of artificial intelligence in the practice of law[;] its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system."[6] "GenAI functions as a digital ghostwriter by producing text, outlines, and complete drafts from prompts, but carries the well-known risk of "AI hallucinations," which "occurs when an AI database generates fake sources of information," such as fabricated cases and misattributions.[7]

"As one court has aptly put it, '[T]he use of artificial intelligence must be accompanied by the application of actual intelligence in its execution.'"[8] Importantly here, "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system."[9] And, "[s]uch conduct is sanctionable."[10]

---

[4] Declaration at ¶ 2.

[5] *Id.*

[6] *Picon-Diaz v. Bondi*, No. 25-9530, 2026 WL 412348, at *5 (10th Cir. Feb. 13, 2026).

[7] *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2 (10th Cir. Dec. 3, 2025) (quoting *What are AI Hallucinations?*, Google Cloud, https://cloud.google.com/discover/what-are-ai-hallucinations [https://perma.cc/EJS8-CFMX])]).

[8] *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *6 (10th Cir. Feb. 9, 2026) (quoting *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-CV-326, 2025 WL 574234, at *4 (S.D. Ind. Feb. 21, 2025), *report and recommendation adopted as modified*, 2025 WL 1511211 (S.D. Ind. May 28, 2025)).

[9] *Id.*

[10] *Id.*

**Rule 11 Sanctions**

All pleadings, written motion, or other papers presented to the court must follow the Federal Rules of Civil Procedure and be filed for a proper purpose to avoid unnecessary delay or costs in litigation.[11] Federal Rule of Civil Procedure 11(b), provides that when an attorney or unrepresented party files "a pleading, written motion, or other paper" they are "*certif[ying]* that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[12]

Rule 11(c) allows a court, with notice, to impose sanctions "on any attorney, law firm, *or party* that violated the rule or is responsible for the violation."[13] This includes pro se litigants.

"A court may consider a litigant's pro se status when determining whether to impose Rule 11 sanctions, but the objective reasonableness standard 'applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both.'"[14] Normally, "[a] pro se

---

[11] Fed. R. Civ. P. 1; *see also* Fed R. Civ. P. 11(b).

[12] *Id.* (emphasis added).

[13] *Id.* at 11(c) (emphasis added).

[14] *Rasmussen v. Burnett*, No. 24-CV-01727-SKC-KAS, 2025 WL 808364, at *2 (D. Colo. Mar. 12, 2025) (quoting *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003)).

litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15]

In practicing leniency, the Tenth Circuit has explained:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[16]

The Tenth Circuit warns that courts are not to "assume the role of [as the pro se party's] advocate."[17] And courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

A party's status as a pro se litigant, or the use of generative intelligence, does not excuse violations of this rule or potential sanctions for frivolous or bad-faith filings.[19]

## ANALYSIS

Ms. Stephens has acknowledged using ChatGPT,[20] a GenAI tool that is widely known for its potential to produce inaccurate or fabricated information, commonly referred to as "AI

---

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Amarsingh*, 2026 WL 352016, at *3; *Walz v. Cent. Bank of Utah*, No. 2:24-CV-00618-DAK-CMR, 2025 WL 1310850, at *2 (D. Utah May 6, 2025), report and recommendation adopted, No. 2:24CV0618-DAK-CMR, 2025 WL 1455802 (D. Utah May 21, 2025).

[16] *Hall*, 935 F.2d at 1110.

[17] *Id.*; *Sifuentes v. Cap. One,* No. 25-4123, 2026 WL 322610, at *2 (10th Cir. Feb. 6, 2026) (quoting *Hall*, 935 F.2d at 1110).

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997)).

[19] *See McMillan v. Green DOT Corp.*, No. 1:25-CV-00159-DBB-JCB, 2026 WL 1481729, at *3 (D. Utah May 27, 2026) (discussing the use of a pro se litigant's use of GenAI: "All parties, including pro se parties, must comply with Fed. R. Civ. P. 11 and can be sanctioned for violating that rule.").

[20] Declaration at ¶ 2.

hallucinations."[21] Although the use of GenAI is not inherently improper, it presents a risk that filings may contain unsupported or inaccurate legal authority if not carefully verified.

In her reply memorandum, supporting her motion to dismiss for insufficient service,[22] Ms. Stephens includes a mischaracterized legal assertion relying on a case that was improperly cited.[23] Briefing has not yet crossed the threshold to warrant sanctions, but the risks of AI hallucinations in future filings concern the court.

Accordingly, this order serves as a caution that sanctions under Rule 11 of the Federal Rules of Civil Procedure may be imposed if the use of GenAI results in violations of the Federal Rules of Civil Procedure. Under Rule 11 this includes pleadings, motions, or papers that are presented for an improper purpose, that contain legal contentions not warranted by existing law or a nonfrivolous argument for changing the law, or that include factual contentions or denials that lack evidentiary support.[24]

---

[21] *Moore*, 2025 WL 3471341, at *2 (citing *What are AI Hallucinations?*, Google Cloud, https://cloud.google.com/discover/what-are-ai-hallucinations [https://perma.cc/EJS8-CFMX])] (last visited August 6, 2026),); *see also When AI Hallucinates in Court: A Cautionary Tale for Legal Professionals*, Univ. of N.H. Franklin Pierce Sch. of Law Libr. (May 28, 2025), https://law.unh.libguides.com/blog/When-AI-Hallucinates-in-Court-A-Cautionary-Tale-for-Legal-Professionals.

[22] Defendant Jayne Stephens' Reply in Support of her Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) ("Reply"), docket no. 32, filed February 25, 2026.

[23] *Id.* at 6 (providing the wrong citation *Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794 (10th Cir. 2008)). Ms. Stephens argues that this Tenth Circuit case clearly sets precedent that her limited appearance to challenge the sufficiency of service in this case does not rise to the level of waiver of service. Ms. Stephens incorrectly cited to this case by including the wrong year, volume number, and page number. And her legal analysis mischaracterizes the Tenth Circuit's legal analysis.

[24] *See* Fed R. Civ. P. 11(b).

## ORDER

As previously stated, any future filings submitted by Ms. Stephens must be accompanied by a declaration identifying each person or GenAI tool that assisted in preparing the filing, unless the filing is submitted by counsel on her behalf.

Signed August 7, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge